UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------------------X   Chapter 7

In re:

PAXTON BRADY KINOL,                                                    Case No.: 19-51279 (JAM)

    Debtor.
------------------------------------------------------------------X

RICHARD M. COAN, TRUSTEE,

    Plaintiff,

V.                                                                     Adv. Proc. No.:

TINA MAZZOLA KINOL,

    Defendants.
------------------------------------------------------------------X

**COMPLAINT TO AVOID TRANSFERS
AND RECOVER PROPERTY OR ITS VALUE**

Richard M. Coan, (the "Trustee"), Chapter 7 trustee of the bankruptcy estate (the "Estate") of Paxton Brady Kinol (the "Debtor"), by his attorney, Coan, Lewendon, Gulliver & Miltenberger, LLC, as and for his complaint against defendants, Tina Mazzola Kinol, sets forth and alleges as follows:

**PRELIMINARY STATEMENT**

1.    The Trustee commences this adversary proceeding pursuant to 11 U.S.C. §§ 105(a), 544, 548, 550(a) (1) and (2) and 704(a)(1) and (2), Conn. Gen. Stat., § 52–552a, and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure to avoid fraudulent transfers and to recover thereon.

2.

–1–

## JURISDICTION AND VENUE

3. On September 25, 2019 (the "Petition Date"), the Debtor filed a petition (the "Petition") pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, District of Connecticut (the "Court").

4. On September 26, 2016, Richard M. Coan was appointed as the interim trustee of the Estate and has since qualified and is serving as trustee. The Trustee, as plaintiff, is authorized to file this adversary proceeding pursuant to 11 U.S.C. § 323 and Fed. R. Bankr. P. 6009 and has the power and standing to commence this adversary proceeding pursuant to 11 U.S.C. §§ 541, 544, and 548.

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a), or in the alternative this is a proceeding arising under the Bankruptcy Code, or arising in or related to a case under the Bankruptcy Code.

6. This is a core proceeding under 28 U.S.C. 157(b)(2)(A), (H) and/or (O) in that it is a matter concerning the administration of the Estate, the determination, avoidance and/or recovery of fraudulent conveyances. To the extent that this is not a core proceeding in any respect, then this Court is empowered to hear this adversary proceeding and issue an order which the District Court may treat as proposed findings of fact and conclusions of law, and Trustee, as plaintiff, consents to the entry of a final order or judgment by this Court.

7. Venue lies in this Court pursuant to 28 U.S.C. § 1409 (a) because this is the Court in which Debtor's bankruptcy case is pending.

## PARTIES

8. Plaintiff is the Chapter 7 Trustee of the Debtor with a business address of Coan, Lewendon, Gulliver & Miltenberger, LLC, 495 Orange Street, New Haven, Connecticut 06511.

9. The Defendant Tina Mazzola Kinol is the wife of the Debtor. Tina Mazzola Kinol is an insider of the Debtor.

## BACKGROUND

10. Upon information and belief, which information includes the Debtor's sworn Statement of Financial Affairs (the "SOFA") filed by the Debtor on September 25, 2019 [ECF No. 1] and the Trustee's examinations of the Debtor, the Debtor transferred an engagement ring (the "Engagement Ring") to the Defendant Tina Mazzola Kinol.

11. Upon information and belief and according to the Debtor's SOFA, the Debtor purchased the Engagement Ring for $125,000. The Debtor did not state a value for the Engagement Ring in his SOFA.

12. Upon information and belief and according to the Debtor's SOFA, the Engagement Ring was a gift (the "Engagement Ring Gift"). Upon information and belief and according to the Debtor's SOFA, the Debtor made the gift in March of 2018.

13. Upon information and belief to be confirmed during discovery in this adversary proceeding, the Debtor made additional gifts to the Defendant Tina Mazzola Kinol after March of 2018 and the Petition Date (the "Additional Gifts" and, together with the Engagement Ring Gift, the "Prepetition Gifts").

**COUNT ONE - FRAUDULENT TRANSFER (Constructive Fraud)**

14. The Trustee repeats and realleges each and every allegation heretofore set forth in ¶1 through ¶12 hereof, inclusive, with the same force and effect as if same had been set forth at length herein.

15. The Prepetition Gifts were made in the four year period prior to the Petition Date.

16. The Debtor did not receive reasonably equivalent value in exchange for the Prepetition Gifts.

17. When the Gifts were made, the Debtor (i) was left with unreasonably small capital, (ii) was unable to pay his debts as they were coming due and unable to pay the claims against him, or (iii) was insolvent.

18. The Trustee may avoid the Gifts pursuant to 11 U.S.C. § 544 and Conn. Gen. Stat., §§ 52-552e and f.

**COUNT TWO – FRAUDULENT TRANSFER (Constructive Fraud)**

19. The Trustee repeats and realleges each and every allegation heretofore set forth in ¶1 through ¶12 hereof, inclusive, with the same force and effect as if same had been set forth at length herein.

20. The Prepetition Gifts were made in the two year period prior to the Petition Date.

21. The Gifts were made for less than reasonably equivalent value.

22. When the Gifts were made, the Debtor (i) was left with unreasonably small capital, (ii) was unable to pay its debts as they were coming due and unable to pay the claims against it, or (iii) was insolvent.

23. The Trustee may avoid the Gifts that occurred in the two year period prior to the Petition Date pursuant to 11 U.S.C. § 548.

**COUNT THREE -- PREFERENCE**

24. The Trustee repeats and realleges the allegations set forth in ¶1 through ¶12, inclusive, as if fully set forth herein.

25. Upon information and belief to be confirmed during discovery in this adversary proceeding, some or all of the Gifts were made within the one year period prior to the Petition Date.

26. Upon information and belief to be confirmed during discovery in this adversary proceeding, the Gifts were made to a creditor for or an account of an antecedent debt.

27. The Gifts were made while the Debtor was insolvent.

28. The Gifts allowed the Defendant Tina Mazzola Kinol to receive more form the Debtor than should would have otherwise received had the Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code.

**COUNT SIX – RECOVERY OF AVOIDED TRANSFERS**

29. The Trustee repeats and realleges each and every allegation heretofore set forth in ¶1 through ¶27 hereof, inclusive, with the same force and effect as if same had been set forth at length herein.

30. Pursuant to 11 U.S.C. § 550(a)(1), to the extent that a transfer is avoided under 11 U.S.C. §§ 544, and 548, as hereinbefore requested, the Trustee may recover, for the benefit of the Estate, the property transferred, or if the court so orders, the value of the such property, from Tina Mazzola Kinol or the entity for whose benefit such transfer was made.

31. Tina Mazzola Kinol is the initial transferee of the Gifts.


**WHEREFORE**, Richard M. Coan, Trustee, seeks the following relief –

1. A judgment avoiding transfers pursuant to 11 U.S.C. §§ 548 and 544 and applicable state law;

2. A judgment for the return of the property transferred or, if the court so orders, the value of the avoided transfers;

3. A constructive trust over the Engagement Ring on the date of the Engagement Ring Gift;

4. Legal fees, costs, and interest from the date of this complaint to the date of judgment and interest post-judgment; and

5. Such other and further relief as is just.

RICHARD M. COAN, TRUSTEE

By /s/ Timothy D. Miltenberger
Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT  06511
(203) 624-4756
(203) 865-3673 Facsimile
tmiltenberger@coanlewendon.com