**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X    Chapter 7
In re:

PAXTON BRADY KINOL,                                     Case No.: 19-51279 (JAM)

    Debtor.
---------------------------------------------------------------------X

RICHARD M. COAN, TRUSTEE,

    Plaintiff,

V.                                                                                                Adv. Proc. No.: 20-05020

TINA MAZZOLA KINOL,

    Defendant.
---------------------------------------------------------------------X

**MOTION FOR AUTHORITY TO COMPROMISE AND SETTLE CONTROVERSIES**

    Richard M. Coan, Trustee (the "Trustee") of the Bankruptcy Estate of Paxton Brady Kinol (the "Debtor"), by and through his attorneys, Coan, Lewendon, Gulliver & Miltenberger, LLC, pursuant to Fed. R. Bankr. P. 9019, hereby files this motion for authority to compromise and settle his controversies with Tina Mazzola Kinol. In support of his motion, the Trustee states as follows:

    1.    On September 25, 2019 (the "Petition Date"), the Debtor filed a petition (the "Petition") pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, District of Connecticut (the "Court").

    2.    On September 26, 2016, Richard M. Coan was appointed as the interim trustee of the Estate and has since qualified and is serving as trustee. The Trustee, as plaintiff, is authorized to file this adversary proceeding pursuant to 11 U.S.C. § 323 and Fed. R. Bankr. P.

6009 and has the power and standing to commence this adversary proceeding pursuant to 11 U.S.C. §§ 541, 544, and 548.

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a), or in the alternative this is a proceeding arising under the Bankruptcy Code, or arising in or related to a case under the Bankruptcy Code.

4. This is a core proceeding under 28 U.S.C. 157(b)(2)(A), (H) and/or (O) in that it is a matter concerning the administration of the Estate, the determination, avoidance and/or recovery of fraudulent conveyances.

## THE CLAIMS

5. Tina Mazzola Kinol is the wife of the Debtor and an insider of the Debtor.

6. According to the Debtor's sworn Statement of Financial Affairs (the "SOFA") and sworn testimony, the Debtor transferred an engagement ring (the "Engagement Ring") to the Defendant Tina Mazzola Kinol.

7. According to the Debtor's SOFA, the Debtor purchased the Engagement Ring for $125,000. The Debtor did not state a value for the Engagement Ring in his SOFA.

8. According to the Debtor's SOFA, the Engagement Ring was a gift. According to the Debtor's SOFA, the Debtor made the gift in March of 2018.

9. Based on the foregoing the Trustee commenced an action to avoid the gift of the Engagement Ring to Tina Mazzola Kinol as a fraudulent transfer pursuant to 11 U.S.C. §§ 544 and 548. In the event that Tina Mazzola Kinol claimed that the Engagement Ring was not a gift but payment on a claim, the Trustee sought to avoid the transfer of the Engagement Ring pursuant to 11 U.S.C. § 547.

**THE SETTLEMENT**

10. The Trustee has agreed to settle the claims in this adversary proceeding for a single payment of $40,000 payable within 10 days of an order granting this motion.

**ARGUMENT AND AUTHORITY**

11. The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *TMT Trailer* requires that a compromise be "fair and equitable." *TMT Trailer*, 390 U.S. at 424.

12. In determining whether a proposed compromise is fair and equitable, a Court should consider the following factors:

   (a) The probabilities of the bankruptcy estate's ultimate success on the merits should the claim be litigated;

   (b) The complexity, expense, and likely duration of litigating the claim;

   (c) The difficulties of collecting a judgment rendered in such litigation; and

   (d) All other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424. The Trustee believes that the proposed settlement satisfies the requirements established by the United States Supreme Court in *TMT Trailer*.

13. This Court should determine whether the proposed compromise "falls below the lowest point of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599 (2d Cir. 1983). "We conclude by reemphasizing that the task of the bankruptcy judge was not to determine whether the settlement was the best that could have been obtained, something that he nor we can ever know, but whether `it falls below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d at 613, *quoting Newman v. Stein*, 464 F.2d at 693.

14. The United States Court of Appeals for the Second Circuit has set forth factors for approval of settlements based on the original framework announced in *TMT Trailer*. The United States Court of Appeals for the Second Circuit wrote as follows:

> Those interrelated factors are: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining.

*In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007*). See also In re Dana Corp*., 412 B.R. 53, 60 (Bankr. S.D.N.Y. 2008); *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y.2006).

15. A review of the factors relevant to the settlement of the adversary proceeding shows that the proposed settlement is fair and equitable and in the best interest of the bankruptcy estate and its creditors.

16. The value of the Trustee's claims is equal to the value of the Engagement Ring as sold on the wholesale market by a bankruptcy official (potentially during a pandemic). The Trustee's inquiries about the value of the Engagement Ring – and his general experience, which experience includes the liquidation of jewelry stores – informed the Trustee that any sale of the Engagement Ring will yield substantially less than the retail price paid for the Engagement Ring. Moreover, the sale of jewelry or gemstones by a bankruptcy trustee generally yields far less than the sale by an owner of jewelry or gemstones. The Defendant claims that the Engagement Ring

is worth less than $35,000. The Trustee considers the settlement amount to be reasonably equivalent to the value of the Engagement Ring if it were to be sold by the bankruptcy estate.

17. The Defendant has asserted defenses to the Trustee's claims. The Defendant may have a defense to the Trustee's claim to the extent that she provided value to the Debtor for the Engagement Ring.

18. The Trustee believes that litigating the above-captioned adversary proceeding (including any appeal) and collecting on the claims against the Defendant will take more than one year. Accordingly, approval of the settlement will permit the Trustee to distribute funds to unsecured creditors more than one year earlier than if the settlement is not approved. In addition, the settlement will reduce the administrative expenses against the bankruptcy estate.

19. This settlement is the product of arms-length negotiations.

**WHEREFORE**, Richard M. Coan, Trustee of the Bankruptcy Estate of Paxton Brady Kinol requests the entry of an order authorizing the settlement described herein.

RICHARD M. COAN, TRUSTEE

By /s/ Timothy D. Miltenberger
Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT  06511
(203) 624-4756
(203) 865-3673 Facsimile
tmiltenberger@coanlewendon.com

## CERTIFICATE OF SERVICE

       I hereby certify that on October 29, 2020, a copy of the was filed electronically and served by e-mail to all appearing parties by operation of the court's electronic filing system as indicated on the Notice of Electronic Filing and via first class mail on the parties listed below. Parties may access this filing through the court's CM/ECF System.

**Tina Mazzola Kinol**
106 Briscoe Road
New Canaan, CT 06840

                                        /s/ Timothy D. Miltenberger
                                        Timothy D. Miltenberger (ct08874)